**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4776**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

LEONARD EARL ROULHAC,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Mark S. Davis, District Judge.  (2:09-cr-00115-MSD-TEM-1)

Submitted:  October 12, 2011        Decided:  October 26, 2011

Before TRAXLER, Chief Judge, and MOTZ and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Alexandria, Virginia; Sherrie S. Capotosto, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonard Earl Roulhac appeals his conviction and sentence for many offenses arising from a series of bank robberies he committed over a five-month period ending in May 2009. Finding no error, we affirm.

Roulhac was charged in a 32-count indictment with one count of attempting to interfere with commerce by robbery, see 18 U.S.C. § 1951(a), 11 counts of bank robbery and attempted bank robbery, see 18 U.S.C. § 2113(a), nine counts of using and brandishing a firearm during a crime of violence, see 18 U.S.C. § 924(c), ten counts of possession of a firearm after having been convicted of a felony, see 18 U.S.C. § 922(g)(1), and one count of possession of a short-barreled shotgun, see 26 U.S.C. § 5861(d). Two counts were eventually severed from the remaining charges, and Roulhac was convicted by a jury of all remaining counts.

The district court sentenced Roulhac to 170 months' imprisonment each on 12 counts, to be served concurrently; 120 months each on nine counts, to be served concurrently; 84 months on one count of brandishing a firearm during a crime of violence, to be served consecutively; and 300 months for each of eight additional counts of brandishing a firearm during a crime of violence, to be served consecutively.

Roulhac makes three arguments on appeal, each of which we reject. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Roulhac first maintains that the district court abused its discretion in refusing to strike a particular juror for cause. However, a district court enjoys broad discretion in conducting voir dire, see Ristaino v. Ross, 424 U.S. 589, 594-95 (1976), and the district court was well within its discretion in this case. Roulhac also argues that the evidence was insufficient to support the convictions on counts of committing the robberies or possessing or using a firearm. We conclude, though, that ample evidence supported the convictions. See United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (holding that we must affirm the jury's verdict against a sufficiency challenge "if there is substantial evidence, taking the view most favorable to the Government, to support [it]" (internal quotation marks omitted)). Finally, Roulhac maintains that the district court misconstrued 18 U.S.C. § 924(c) in ordering his 84-month sentence to run consecutively to all other counts of conviction. However, the Supreme Court recently rejected

3

Roulhac's proposed construction of that statute.  See Abbott v. United States, 131 S. Ct. 18, 23 (2010).

AFFIRMED